CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 01, 2024

LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:24-cv-00697 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| S.W.R.J. HAYSI, | ) | Chief United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Gary Sluss, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Sluss's complaint fails to state a claim, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying these standards to Sluss's complaint, the court concludes that it does not state any actionable

claims under federal law.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Sluss's claims are that he was tortured and was not fed "for days" while various unnamed correctional officers knew this was happening and did nothing about it.  (Compl. 2.)  Plaintiff also appears to claim having issues for weeks or months with receiving his methadone treatment. (*Id.*)  Generously construed, Sluss may have stated an actionable Eighth Amendment deliberate indifference claim.  However, the only defendant named in the complaint is the Southwest Virginia Regional Jail located in Haysi.  Generally, a local jail cannot qualify as a "person" subject to being sued under 42 U.S.C. § 1983.  *See Miller v. SWVRJA-Duffield*, No. 7:21cv10, 2021 WL 1606469, at *1 (W.D. Va. Apr. 26, 2021).  To the extent that Sluss is intending to sue the Southwest Virginia Regional Jail Authority, a regional jail authority can be sued in its own name under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially promulgated by that body's officers."  *Greer v. Herron*, Civil Action No. 7:23-cv-00793, 2024 WL 923203, at *1 (W.D. Va. Mar. 4, 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 558 (1978)).  Sluss has not cited any policy statement, ordinance, regulation, or official decision that resulted in the alleged violations described above.

For the foregoing reasons, the court will summarily dismiss Sluss's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state an actionable claim.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state an Eighth Amendment claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, and only against the proper defendants, if he so chooses.

2

An appropriate order will be entered.

Entered: November 1, 2024.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge